UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM R. KISOR, II,

        Petitioner,

                                       Civil No. 2:07-CV-13689
v.                                       Honorable Patrick J. Duggan

C. EICHENLAUB,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 24, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Petitioner William R. Kisor, who is currently incarcerated at the Federal Correctional Facility in Milan, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his pleadings, Petitioner challenges the policies of the Federal Bureau of Prisons ("BOP"), as set forth in 28 C.F.R. §§ 570.20 and 570.21. Those regulations concern inmates' eligibility for placement in a Community Corrections Center ("CCC"), also known as a halfway house, and categorically limit the BOP's authority to designate an inmate to community confinement until the last ten percent of the inmate's prison sentence is being served, and then for no more than six months. For the reasons stated below, the Court dismisses without prejudice the petition for a writ of

1

habeas corpus.

In his pleadings, Petitioner does not identify the offense(s) for which he is incarcerated, the date upon which he was convicted, or the federal district court where he was convicted and sentenced. He also does not provide his projected dates for CCC placement or full term release. The BOP's inmate locator database lists Petitioner's projected release date as October 5, 2011.

Article III of the United States Constitution limits the federal courts to deciding "cases" and "controversies." To ensure that any matter presented to a federal court satisfies Article III's requirement, courts consider the doctrines of standing, ripeness and mootness. To establish standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751, 104 S. Ct. 3315, 3324 (1984). The injury "must be legally and judicially cognizable. This requires, among other things, that the plaintiff have suffered 'an invasion of a legally protected interest which is . . . concrete and particularized, . . .' " *Raines v. Byrd*, 521 U.S. 811, 819, 117 S. Ct. 2312, 2317 (1997) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2310, 2316 (1992)).

In this case, Petitioner fails to allege facts to establish that he has standing to bring this habeas action. He has not shown that, but for 20 C.F.R. §§ 570.20 and 570.21, he would be eligible for CCC placement consideration or that the BOP has applied the disputed policy to him. As a result, his petition must be dismissed.

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

                s/PATRICK J. DUGGAN
                UNITED STATES DISTRICT COURT

Copy to:
William Kisor, #65661-061
FCI Milan
Federal Correction Institution
P.O. Box 1000
Milan, MI   48160